DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile:  (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

In re:

DICK SCOPPETTONE

MAUREEN ANN SCOPPETTONE

Debtor(s)

Chapter 13
Case No.  22-50926 SLJ

TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE

341 Meeting: Date: NOVEMBER 28, 2022 @ 9:30 AM
Initial Confirmation Date: JANUARY 10, 2023
Initial Confirmation Time: 9:55 AM
Place: Telephonic Or Video Only
Judge:  Stephen L. Johnson

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this Plan for the following reasons:

1. The Debtors have failed to comply with 11 U.S.C. §521(a)(1) and Fed. R. Bankr. P. 1007(a)(1).  The mailing matrix includes creditor Quality Loan Service Corporation, but this creditor is not listed in any of the debt schedules.  The Trustee requests that the Debtors amend the appropriate debt schedule to include this creditor.

///

///

2. The plan does not comply with 11 U.S.C. § 1325(a)(5). The Debtors have listed Rancho Hills Community Association on Schedule D but have omitted them from the plan. An Amended Plan must be filed to provide for this creditor.

3. The Plan is not feasible pursuant to 11 U.S.C. §1325(a)(6) because the Debtors are proposing to pay a total of $211,380.00 and this is not enough money to pay all scheduled and/or filed secured, priority, administrative, and 12% to general unsecured claims plus trustee's fees. As of the date of this objection and based on the Trustee's review of scheduled and filed claims, the Debtors would need to pay $233,386.28. **This amount can change *daily* because it is derived from many variables including the amounts stated on filed claims, changing treatment of claims in amended plans, objections to claims, additional attorney's fees and changing trustee's fees. The actual amount of money needed to complete the plan cannot be determined until after the plan is confirmed and all claims are filed and allowed. The Trustee is providing the above number to assist the Debtors in understanding why the plan is not feasible at this time. The number does not represent an actual payoff for the case and cannot be relied upon for any purpose other than to demonstrate lack of feasibility.**

4. The Trustee is unable to determine whether the plan is feasible under 11 U.S.C. § 1325(a)(6). The Debtors have failed to file an attachment to Schedule I to detail their monthly gross income and any expenses for rental or operating business.

5. The Trustee is unable to determine whether the liquidation test in 1325(a)(4) is met. The Debtors list their interest in a 2014 Honda CRV on Schedule A/B with a value of $10,681.00. Pursuant to the Kelly Blue Book information provided by the Debtors, the

fair market value at the time of filing was $11,433.00. The Trustee requests the Debtors file an amended Schedule A/B.

6. The Trustee is unable to determine whether the liquidation test in 1325(a)(4) is met. The Debtors list their interest in a 2011 Subaru Legacy on Schedule A/B with a value of $2,656.00. Pursuant to the Kelly Blue Book information provided by the Debtors, the fair market value at the time of filing was $3,092.00. The Trustee requests the Debtors file an amended Schedule A/B.

7. The Debtors have not complied with 11 U.S.C. § 521(e)(2)(A)(i) and (B) as the Debtors have not provided the Trustee with a copy of their 2021 state income tax return.

8. In order to ensure that term and feasibility tests of confirmation are met, the Trustee requests that Section 3.07 of the plan list the current post-petition mortgage payment for Select Portfolio Servicing, Inc. at the point the case is ready to be confirmed. NOTE: Please make sure that mortgage payment changes indicated in Payment Change Notices that are filed up to the point of confirmation are reflected in the payment amount used. NOTE: Pursuant to the proof of claim filed by Select Portfolio Servicing, Inc. the current on-going mortgage payment is $2,055.57.

9. In order to assist the Trustee in determining whether the disposable income test in 11 U.S.C. §1325(b)(1)(B) and/or the feasibility test in 11 U.S.C. §1325(a)(6) is met, the Trustee requests that the Debtors provide her with a copy of each federal and state income tax return and W-2 form required under applicable law with respect to each tax year of the Debtors' ending while the case is pending confirmation. The Trustee requests that the returns provided to the Trustee be attached to a declaration signed by the Debtors stating

under penalty of perjury that the returns being provided are true and correct copies of the returns that the Debtors submitted to the taxing authorities.

Dated: November 21, 2022                    /S/ Devin Derham-Burk
                                            _____
                                            Chapter 13 Trustee

# CERTIFICATE OF SERVICE BY MAIL

I hereby declare that I am over the age of 18 years, not a party to the within cause; my business address is 105 Cooper Court, Los Gatos, CA 95032. I served the within Objection to Confirmation, by placing same in an envelope in the U.S. Mail at Los Gatos, California on November 21, 2022. Said envelopes were addressed as follows:

| DICK SCOPPETTONE<br>MAUREEN ANN SCOPPETTONE<br>111 BEAN CREEK RD UNIT 146<br>SCOTTS VALLEY, CA 95066 | PRICE LAW GROUP APC<br>6345 BALBOA BLVD #247<br>ENCINO, CA 91316 |
|---|---|

/S/__Clotilde Costa_____
Office of Devin Derham-Burk, Trustee

Trustee's Obj to Confirmation – 22-50926 SLJ